UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>Mark Heath</u>

   v.                                                                  Civil No. 23-cv-276-JL-AJ

<u>Warden, New Hampshire State Prison</u>

### **REPORT AND RECOMMENDATION**

     Petitioner Mark Heath filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. No. 1) ("Petition") in this court, seeking relief from his present incarceration arising from a state court conviction and sentence on one count of second-degree murder. Before the undersigned magistrate judge for consideration and a recommendation as to disposition, is Respondent's Motion for Summary Judgment (Doc. No. 14) on the basis that Mr. Heath failed to fully exhaust his state court remedies with respect to those claims.

### **Background**

I.     <u>State Court Criminal Case and Appeal</u>

     On November 6, 2019, after a six-day trial in the New Hampshire Superior Court, a jury convicted Mr. Heath of second-degree murder for recklessly causing the death of his girlfriend's two-year-old son. <u>See</u> <u>State v. Heath</u>, No. 216-2017-CR-02135 (N.H. Super. Ct., Hillsborough Cty.-N. Dist.); Indictment (with verdict recorded) (Doc. No. 5-1, at 9). On December 18, 2019, the trial court sentenced Mr. Heath to serve a term of forty-five years to life in prison, with five years of the minimum sentence suspended on conditions.

     On December 19, 2019, Mr. Heath initiated a direct appeal of his conviction by filing a Rule 7 Notice of Mandatory Appeal in the New Hampshire Supreme Court ("NHSC"). In his

Notice of Mandatory Appeal, Mr. Heath asserted sixteen claims for relief. As relevant here, those claims included:

> . . .
>
> 8. Whether the trial court erred when it allowed the State to introduce evidence that Heath was convicted of animal cruelty.
>
> . . .
>
> 10. Whether the trial court erred when it precluded Heath from introducing evidence of Alisha Pelletier's involvement in the sale of marijuana.
>
> . . .
>
> 14. Whether the trial court erred when it precluded Heath from introducing evidence that the victim's mother suggested hiding the victim's bruises with makeup.
>
> . . .

Rule 7 Notice of Mandatory Appeal, at 3, State v. Heath, 2019-0737 (N.H. Dec. 19, 2019) (Doc. No. 5-1, at 3).

Through appellate counsel, Mr. Heath briefed and argued the following two claims in his direct appeal:

> 1. Whether the court erred by admitting evidence about Heath's 2004 animal-cruelty conviction.
>
> 2. Whether the court erred by barring the defense from pursuing lines of cross-examination of Pelletier that would reflect on her credibility and consciousness of guilt.

Br. for Def., at 7, State v. Heath, 2019-0737 (N.H., filed Dec. 7, 2020). The NHSC denied Mr. Heath's appeal and affirmed his conviction and sentence. See State v. Heath, 2019-0737, 2021 N.H. LEXIS 171, at *1, 2021 WL 5320390, at *1 (N.H. Nov. 16, 2021) (Doc. No. 5-4).

II.   State Habeas Petition and Appeal

Mr. Heath, proceeding pro se, then filed a Petition for a Writ of Habeas Corpus in the Superior Court, seeking release from incarceration and/or a new trial, asserting the following claims alleging that his trial counsel was ineffective and his trial judge was biased, as follows:

1) Ineffective [sic] counsel:

   A) Tainted jury: At the end of open[ing] argument my legal counsel (New Hampshire Public Defender) stated to the jury "at the end of this trial you will find the defendant not innocent."

   B) My legal team let one of the state's specialist[s] testify on pathology when she was a child abuse specialist. I tried to get my legal team to object but all they would say to me is wait till closing argument.

   C) My legal team, state and court made a ruling without me; it made it so we couldn't argue multiple perpetrator[s].

   D) The court, the state and my legal team made another ruling that made it so we couldn't argue in closing the rate of false convictions.

2) Bias[ed] trial judge: The judge that ruled on my case was a former family court judge which she was ruling in the best interest of the child. She should not [have] been assigned to this case that involved the death of a child.

Jan. 12, 2022 Pet. for Writ of Habeas Corpus, Heath v. Warden, N.H. State Prison, No. 217-2022-CV-00391 (N.H. Super. Ct., Merrimack Cty.) ("State Habeas Case") (spelling and punctuation corrected) (Doc. No. 8-1).

On March 1, 2022, Mr. Heath filed an Amended Petition for a Writ of Habeas Corpus, which asserted the following claims:

1) Ineffective Counsel:

   A) At the end of opening argument my legal counsel stated to the jury "At the end of this trial you will find the defendant not innocent," which tainted the jury.

   B) Mr. Heath's legal team let the state's child abuse expert testify on pathology which was not her expertise or what she was said to be an

3

> expert of. Mr. Heath brought this problem along with other problem throughout the trial and was told by his legal team "we will take care of it in closing argument" which none of the problem[s] were addressed.
>
> 2) The state and my legal team made agreements without talking to me about said agreement first.
>
>    A) Agreement that my legal team could not argue multiple perpetrator
>
>    B) Couldn't argue in closing about rates of false convictions in the country.

Mar. 1, 2022[1] Am. Pet. for a Writ of Habeas Corpus, State Habeas Case (spelling and punctuation corrected) (Doc. No. 11-1).

The respondent in the State Habeas Case filed a motion to dismiss Mr. Heath's state habeas petition. See Feb. 28, 2022 Resp't's Mot. to Dismiss Pet'r's Pet. for Writ of Habeas Corpus, State Habeas Case. The state habeas court held a hearing on March 11, 2022. That court then issued an order finding that Mr. Heath had failed to state any claim upon which relief could be granted in either his initial habeas petition or amended habeas petition, and granted the motion to dismiss. See Apr. 18, 2022 Order, State Habeas Case (Doc. No. 8-2).

Mr. Heath appealed the state habeas court's decision by filing a Notice of Discretionary Appeal in the NHSC. See Rule 7 Notice of Discretionary Appeal, Heath v. Warden, N.H. State Prison (N.H. 2022-0332) (Doc. No. 13-1). That document did not list any claims. The NHSC directed the petitioner to "notify the court in writing whether a transcript of trial court proceedings is necessary for his appeal" and to "file a copy of the decision below, the clerk's written notice of the decision below, any order disposing of a timely filed post-decision motion, and the clerk's written notice of any order disposing of a timely filed post-decision motion."

---

[1] Mr. Heath's Amended Petition in the State Habeas Case, which was docketed on March 1, 2022, was dated February 15, 2022.

4

July 8, 2022 Order, id. (Doc. No. 13-2). Mr. Heath timely replied to that Order, and provided the information and documents described in the NHSC's July 8, 2022 Order. See July 15, 2022 Letter, id. (Doc. No. 13-3). The NHSC then declined the appeal. See Aug. 11, 2022 Order, id. (Doc. No. 13-4).

III.     Federal Habeas Petition

After the NHSC declined his appeal of the decision in his State Habeas Case, Mr. Heath filed this action. Upon conducting an initial review of the Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases ("§ 2254 Rules") and LR 4.3(d)(4), this court found that the Petition in this case asserted the following claims for relief:

1. The trial court violated Mr. Heath's Fourteenth Amendment right to due process by admitting evidence about Mr. Heath's 2004 animal cruelty conviction, without a valid basis to do so, as he did not testify at trial.

2. The trial court violated Mr. Heath's Fourteenth Amendment right to due process by prohibiting Mr. Heath from cross-examining the mother of the victim in his criminal case with information that was relevant to her credibility and her consciousness of guilt, which deprived Mr. Heath of the ability to use those statements to impeach her credibility after she made false statements during her trial testimony.

3. The judge who presided over Mr. Heath's trial violated his Sixth and Fourteenth Amendment rights to a fair trial and due process, as she was biased against Mr. Heath because the victim was a child, and as a former Family Court judge, the trial judge was "programmed to see what the best interest is for the child."

4. Mr. Heath's trial counsel did not provide him with effective assistance of counsel, in violation of Mr. Heath's Sixth Amendment rights, in that counsel:

    a. In opening and/or closing argument to the jury, stated that by the end of the trial the jury would find Mr. Heath "not innocent";

    b. failed to address issues which Mr. Heath brought to counsel's attention, stating that the issues would be addressed during closing arguments, but failing to address the issues during closing arguments; and

    c. denied Mr. Heath access to his discovery.

This court then issued an Order directing service of the petition on the respondent, relieving the respondent of the obligation to file an answer at that time, directed the respondent to file certain documents, and granted the respondent the opportunity to file a motion for summary judgment concerning the exhaustion of Mr. Heath's claims. Nov. 22, 2024 Order (Doc. No. 4) ("November 2024 Order"). In response, the respondent filed the instant motion for summary judgment, arguing that none of Mr. Heath's claims were exhausted in the state courts. Mr. Heath did not object or otherwise respond to that motion.

## Discussion

I.      Exhaustion of Federal Claims

In a federal habeas action brought under § 2254, a petitioner may challenge his state court conviction "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Therefore, to be cognizable in a § 2254 action, Mr. Heath's claims must assert violations of his rights under the federal constitution or other federal law.

In addition to the requirement that it assert federal claims, for a § 2254 petition to be adequate, the petitioner must either "ha[ve] exhausted the remedies available in the courts of the State" as to each of the claims asserted in his petition, including the federal aspect of those claims, or must demonstrate that the State courts are either unavailable to him or ineffective to protect his rights under federal law. See 28 U.S.C. § 2254(b)(1). To exhaust a federal claim, a habeas petitioner must "'fairly and recognizably' present that claim to the state courts." Sanchez v. Roden, 753 F.3d 279, 294 (1st Cir. 2014) (citation omitted).

> [A] habeas petitioner fairly presents a claim by doing any of the following: "(1) citing a provision of the federal constitution; (2) presenting a federal constitutional claim in a manner that fairly alerts the state court to the federal

nature of the claim; (3) citing federal constitutional precedents; or (4) claiming violation of a right specifically protected in the federal constitution."

Dutil, 550 F.3d at 158 (citations omitted).  As relevant to this case, a petitioner fairly alerts the state court to the federal nature of a claim by asserting a state law claim "that is functionally identical to a federal constitutional claim."  Coningford v. Rhode Island, 640 F.3d 478, 482 (1st Cir. 2011).

Additionally, to exhaust the federal nature of his claims, a federal habeas petitioner must fully litigate his federal claims at each available level of the state court system.  See 28 U.S.C. § 2254(a) & (b); Coningford, 640 F.3d at 482.  In New Hampshire, a petitioner's remedies are fully exhausted, for purposes of § 2254(b)(1), when the NHSC has had an opportunity to rule on each of the petitioner's federal claims.  See Dutil, 550 F.3d at 157.

II.   Claim 1 – Admission of Animal Cruelty Conviction
      Claim 2 – Exclusion of Alisha Pelletier's Statements

Mr. Heath asserts in Claim 1 that the trial court erred in allowing the improper admission at trial of Mr. Heath's fifteen-year-old animal cruelty conviction.  In Claim 2, Mr. Heath asserts that the trial court improperly prevented Mr. Heath from cross-examining Alisha Pelletier, the victim's mother, about statements she had made about selling marijuana and putting makeup on the victim on a previous occasion to hide facial bruises.  Mr. Heath asserted and briefed both claims in his direct appeal.  A claim arising from a trial court's alleged error in an evidentiary decision is actionable under § 2254 only where the claim is asserted and exhausted as a violation of the petitioner's Fourteenth Amendment right to due process.  The respondent correctly asserts that Mr. Heath's state court challenges to the trial court's evidentiary rulings did not specifically reference the Fourteenth Amendment due process standard for evaluating whether an evidentiary ruling was erroneous.

In general, "[e]rrors of state law, including the misapplication of evidentiary rules, are 'not enough to warrant federal habeas relief.'" Cruzado v. Alves, 89 F.4th 64, 75 (1st Cir. 2023) (quoting Coningford, 640 F.3d at 484 n.4).  However, "in some exceptional cases," "a 'misbegotten evidentiary ruling that results in a fundamentally unfair trial may violate due process and, thus, ground federal habeas relief' when the state court's application of state law is 'so arbitrary or capricious as to constitute an independent due process . . . violation.'" Cruzado, 89 F.4th at 75 (quoting Coningford, 640 F.3d at 478).

In his brief filed in his direct appeal, asserting state legal authority, Mr. Heath argued as follows concerning the admission of the animal cruelty conviction under N.H. Rule Ev. 403:

> "Evidence is unfairly prejudicial if its primary purpose or effect is to appeal to a jury's sympathies, arouse its instinct to punish, or trigger other mainsprings of human action that may cause a jury to base its decision on something other than the established propositions in the case." State v. Willis, 165 N.H. 206, 216 (2013).

Def.'s Br., Crim. Appeal, at 36 & 41; see also id. at 40 (citing state law for the proposition that admission of Mr. Heath's animal cruelty conviction was "so emotionally charged that a limiting instruction is ineffective").  In his Direct Appeal, Mr. Heath tied his evidentiary arguments concerning the exclusion of Ms. Pelletier's statements to the arguments he made regarding the admission of his animal cruelty conviction.

To determine whether the admission of prejudicial evidence violates the Due Process Clause of the Fourteenth Amendment, the Supreme Court employs the following standard: whether "evidence is introduced that is so unduly prejudicial that it renders the trial fundamentally unfair.'" Andrew v. White, 145 S. Ct. 75, 81 (2025) (quoting Payne v. Tennessee, 501 U.S. 808, 825 (1991)).  Federal Rule of Evidence 403 (which is identical to N.H. R. Ev. 403), "'lets a judge exclude relevant evidence if its probative value is substantially outweighed

8

by its unfairly prejudicial nature. Unfairly prejudicial means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" United States v. Sweeney, 887 F.3d 529, 538 (1st Cir. 2018) (internal quotation marks and citations omitted).

The court finds, without comment on the underlying merits of Claims 1 and 2, that the arguments Mr. Heath made in his brief concerning those claims relied upon state law standards for evaluating the admissibility of prejudicial evidence which are "functionally identical" to the analogous federal standards. Mr. Heath, therefore, exhausted Claims 1 and 2 in his direct appeal. Coningford, 640 F.3d at 482. The district judge, therefore, should deny the respondent's motion for summary judgment for failure to exhaust, to the extent it concerns those claims.

III.  Claim 3 – Trial Judge Bias

In Claim 3, Mr. Heath asserts that the Superior Court judge who presided over his criminal trial was biased, in that she was previously a family court judge, and therefore had a bias for "the best interest of the child," and thus against him, as he was charged with murdering a child. To litigate a claim based on judicial bias in his federal § 2254 petition, Mr. Heath must assert and demonstrate that his Sixth and Fourteenth Amendment rights to a fair trial and due process were violated by the trial judge's bias. The federal nature of his judicial bias claim must be exhausted in the state courts.

The state habeas court, in ruling on Mr. Heath's judicial bias claim, relied upon the following state law standard:

> The New Hampshire State Constitution guarantees that every citizen has the right "to be tried by judges as impartial as the lot of humanity will admit." N.H. CONST. pt. I, art. 35. "The Code of Judicial Conduct requires disqualification of a judge in a proceeding in which the judge's impartiality might reasonably be questioned and to avoid even the appearance of impropriety." State v. Ayer, 150 N.H. 14, 35 (2003) (quotations and citation omitted). "The existence of an

9

> appearance is determine [sic] by an objective standard, i.e., would a reasonable person, not the judge himself, question the impartiality of the court." State v. Belyea, 160 N.H. 298, 303 (2010) (quotation omitted). "The test for an appearance of partiality is whether an objective, disinterest[ed] observe[r], fully informed of the facts, would entertain significant doubt that justice would be done in the case." Id. (quotation omitted).

Heath v. Warden, N.H. State Prison, No. 217-2022-CV-00391 (N.H. Super. Ct., Merrimack Cty. Apr. 18, 2022).

Under federal law, the standard for evaluating a claim of judicial bias is

> "'whether an objective, reasonable member of the public, fully informed of all the relevant facts, would fairly question the trial judge's impartiality.'" Talley v. Tyer, 648 F. Supp. 3d 276, 282 (D. Mass. 2023) (quoting In re United States, 441 F.3d 44, 56–57 (1st Cir. 2006)). "The inquiry is objective, from the perspective of a reasonable person, not one who is hypersensitive or unduly suspicious, but one who is a well-informed, thoughtful observer, who is aware of all of the surrounding facts and circumstances." Bourne v. New Hampshire, No. 12-cv-251-PB, 2012 WL 3962759, at *1 (D.N.H. Sept. 11, 2012) (internal quotation marks omitted).

Smith v. Governor, State of N.H., No. 23-cv-450-SM-TSM, 2025 U.S. Dist. LEXIS 158316, at *2-*3, 2025 WL 2378029, at *1 (D.N.H. Aug. 15, 2025).

The New Hampshire and federal law standards for evaluating a claim of judicial bias are both based on an examination of whether an objective observer other than the judge, who was aware of the facts and circumstances alleged to be relevant to the judge's bias or lack thereof, would doubt or question the judge's impartiality. The court finds, therefore, that Mr. Heath's litigation of his judicial bias claim in the state habeas court, under state law, provided the state court with the opportunity to address that claim under a standard which was the functional equivalent of the federal standard. Mr. Heath thereby exhausted the federal nature of his judicial bias claim in the state courts. See Coningford, 640 F.3d at 482. The district judge should deny the respondent's motion for summary judgment to the extent it concerns Claim 3.

10

IV.     Claim 4 – Ineffective Assistance of Counsel

Mr. Heath alleges in his petition that his conviction and sentence were obtained in violation of his right to the effective assistance of counsel. In a federal habeas action, an ineffective assistance of counsel claim must be asserted under the Sixth Amendment, and such claims are governed by the standard set forth in Strickland v. Washington, 466 U.S. 668, 687-92 (1984). Specifically, "'[t]o succeed in his claim of ineffective assistance of counsel, [Petitioner] "must show both deficient performance by counsel and resulting prejudice."'" Quintanilla v. Marchilli, 86 F.4th 1, 17 (1st Cir. 2023) (citation omitted); see also Strickland, 466 U.S. at 687.

As this court noted in the November 2024 Order, in New Hampshire, the state and federal law standards for evaluating ineffective assistance of counsel claims are identical. Compare State v. DeJesus, Case No. 2023-0400, 2025 N.H. LEXIS 197, at *5, 2025 WL 2319125, at *2 (N.H. Aug. 12, 2025) with Strickland, 466 U.S. at 687; see also State v. Page, Case No. 2022-0536, 2024 N.H. LEXIS 52, at *4, 2024 WL 1193075, at *2 (N.H. Mar. 20, 2024) ("the standard for determining whether a defendant has received ineffective assistance of counsel is the same under both [the state and federal] constitutions"). Therefore, a § 2254 petitioner may demonstrate exhaustion of the federal nature of his ineffective assistance claim by raising that claim under state law.

Moreover, the respondent argues that Mr. Heath's ineffective assistance of counsel claims are unexhausted because Mr. Heath raised those claims under state law, and not under federal law in the State Habeas Case. However, in addition to those standards being identical, the state habeas court cited Strickland in its Order denying Mr. Heath's state habeas petition, and Mr. Heath provided that order to the NHSC. Accordingly, both the Superior Court and the

11

NHSC court had the Sixth Amendment ineffective assistance of counsel standard squarely before them at the time they rendered decisions in Mr. Heath's case.

Accordingly, the court finds that Mr. Heath exhausted his Sixth Amendment ineffective assistance of counsel claims in the state courts. The district judge, therefore, should deny the respondent's motion to the extent it concerns Claim 4.

## Conclusion

For the foregoing reasons, the undersigned magistrate judge recommends that the district judge deny the respondent's motion for summary judgment (Doc. No. 14). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The objection period may be extended upon motion. Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016) (citations omitted).

_____
Andrea K. Johnstone
United States Magistrate Judge

September 2, 2025

cc:   Mark Heath, pro se
      Elizabeth C. Woodcock, Esq.