**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Mark Heath

   v.                                                          Civil No. 23-cv-276-JL-AJ

Warden, N.H. State Prison for Men

## **REPORT AND RECOMMENDATION**

Before the court is self-represented Petitioner Mark Heath's "Motion for Judgment" (Doc. No. 29) seeking entry of default judgment in this 28 U.S.C. § 2254 case. Respondent filed an objection (Doc. No. 31) to Mr. Heath's motion.

## **Discussion**

The clerk's entry of default and a default judgment "can come into play . . . '[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend' in the action. Universitas Educ., LLC v. Granderson, 98 F.4th 357, 363 n.2 (1st Cir. 2024) (quoting Fed. R. Civ. P. 55(a)). Respondent filed a motion for summary judgment in this case (Doc. No. 34), albeit after the January 13, 2026 deadline previously set by the court.[1] That motion makes a default judgment improper here, even though the motion was approximately two weeks late on the date it

---

[1] Respondent's objection to Mr. Health's motion for default judgment is a document entitled "Respondent's Objection to Petitioner's Motion for Judgment and Motion for Extension of Time to File Until March 9, 2026" (Doc. No. 31). By separate Order, the court retroactively granted the respondent's request to extend the deadline to file an answer or dispositive motion in this case until March 9, 2026, rendering his February 3, 2026 motion for summary judgment timely. Going forward, the respondent is advised that under LR 7.1(a), "[o]bjections to pending motions and affirmative motions for relief shall not be combined in one filing."

was filed.  See Jenkins v. Hazlewood, No. 20-cv-803-PB, 2021 DNH 154, 2021 U.S. Dist. LEXIS 186631, at *20-21, 2021 WL 4462192, at *8, (D.N.H. Sept. 29, 2021) (prisoner was not entitled to default judgment "solely because the government did not file an opposition to his habeas petition") (citing Quiñones-Torres v. United States, 240 F. App'x 876, 878 (1st Cir. 2007)).  Accordingly, the district judge should deny Mr. Heath's motion for default judgment.

## Conclusion

For the foregoing reasons, the district judge should deny Mr. Heath's "Motion for Judgment" (Doc. No. 29).  Any objections to this Report and Recommendation ("R&R") must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion.

Only those issues raised in the objections to this R&R are subject to review in the district court.  See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).  Any issues not preserved by such objections are precluded on appeal.  See id.  Failure to file any objections within the specified time waives the right to appeal the district court's Order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

Andrea K. Johnstone
United States Magistrate Judge

March 20, 2026

cc:  Mark Heath, pro se
     Elizabeth C. Woodcock, Esq.
     John Drennan, Esq.
     Sam Michael Gonyea, Esq